UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA

CASE NO. 21-cr-20376-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

JORGE GONZALEZ-PEREZ,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

THIS CAUSE is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Jorge Gonzalez-Perez. Based upon the change of plea hearing conducted on September 21, 2021, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2. I advised Defendant of his right to appear at the plea hearing in person. Defendant waived his right to appear in person. Defendant, Defendant's attorney and the Assistant United States

Attorney all consented to proceed by videoconference. Counsel supported his position that the change of plea should not be delayed by proffering that any further delay could deprive the Defendant of the opportunity to enjoy the full benefit of his plea agreement with the government. The Assistant United States Attorney agreed that that the proceeding could not further delayed without serious harm to the interests of justice. Pursuant to the Administrative Orders of this Court, specifically, 2020-95 and 2021-20, I accepted Defendant's waiver and find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Count 1 of the Indictment, which charges him with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. I advised Defendant that the maximum sentence the Court could impose on Count 1 is a term of ten years imprisonment; followed by a term of supervised release of up to three years; a fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate.

5. The parties entered into a written plea agreement that was thereafter filed with the Court.

I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it and that it had been translated for him into Spanish. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

As I advised the Parties in open court, the parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 22nd day of September, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**


cc: The Honorable K. Michael Moore
     Counsel of record