### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-20376-CR-MOORE

**UNITED STATES OF AMERICA**

**vs.**

**JORGE GONZALEZ PEREZ,**

      **Defendant.**

_____/

### UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR
### PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant JORGE GONZALEZ PEREZ (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $4,143,892.16 in U.S. currency. In support of this motion, the United States provides the following factual and legal bases.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or around July 15, 2021, a federal grand jury returned an Indictment charging the Defendant in Count 1 to Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349. *See* Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged, in relevant part, that, upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit to the United States all property, real or personal, that constitutes or is derived, directly

or indirectly, from gross proceeds traceable to the commission of such violation pursuant to 18 U.S.C. § 982(a)(7).  *See id.* at 19.

The Court accepted the Defendant's guilty plea to Count 1 of the Indictment.  *See* Minute Entry for Change of Plea Hearing Held on September 21, 2021, ECF No. 106; Report and Recommendation on Plea of Guilty, ECF No. 110; Order Adopting Report and Recommendation, ECF No. 129; and Plea Agreement, ECF No. 107.

As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $4,143,892.16.  Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 13.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to property, real or personal, that constitutes or is derived directly or indirectly from gross proceeds traceable to the health care violation charged in Count 1 of this Indictment.  Defendant agrees that the value of the property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7) is $4,143,892.16 in U.S. currency and agrees to a forfeiture money judgment in that amount.  The defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Plea Agreement ¶13, ECF No. 107.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction.  *See* Factual Proffer, ECF No. 108.

## II.     MEMORANDUM OF LAW

### A.     Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a federal health care offense is subject to forfeiture. 18 U.S.C. § 982(a)(7).

In a health care fraud case, gross proceeds constitute the entire amount received by a defendant as a result of the fraudulent scheme. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-46 (11th Cir. 2009) (upholding forfeiture money judgment that included not only Medicare reimbursements but also sums paid by private insurance companies and patients because "but for [the defendant's] Medicare fraud, she would not have been entitled to collect these sums from the companies and patients"); *United States v. Saoud*, 595 F. App'x 182, 193 (4th Cir. 2014) ("'[G]ross proceeds' is properly interpreted to include the total amount of money brought in through the fraudulent activity, with no costs deducted or set-offs applied.") (quoting *United States v. Poulin*, 461 F. App'x 272, 288 (4th Cir. 2012)).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(1) and (7); 28 U.S.C. § 2461(c). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

## B.    Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in

3

criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, Case No. 15-CR-80057-ROSENBERG/HOPKINS, 2016 WL

233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C.     Substitute Property

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment.  *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, directly forfeitable property:

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p).  The government may establish such unavailability through an agent's declaration.  *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### D.     Property Subject to Forfeiture in Instant Criminal Case

As set forth in the Factual Proffer, the Defendant owned Life Blue Medical Center, Corp. ("Life Blue") and Blue Life Medical Center, LLC ("Blue Life"), which were medical clinics that purportedly provided commercial private insurance beneficiaries with various medical treatment and services.  Factual Proffer 3, ECF No. 108.  Co-Defendants Kiamy Perez and David Sacerio owned Miami Medical Therapy and Research Center, Corp. ("Miami Medical"), a medical

clinic that purportedly provided commercial private insurance beneficiaries with various medical treatment and services. *See id.* at 3.

Life Blue, Blue Life, and Miami Medical (collectively, the "Clinics") did not actually provide beneficiaries with all the medical treatment and services billed or provide services that were medically necessary. *See id.* Instead, the Defendant and co-conspirators participated in a scheme to defraud wherein approximately $17,931,592.00 in claims were submitted via interstate wires by the Clinics to health care benefit programs for reimbursement during the charged conspiracy period. *See id.*

Claims data establishes that the Clinics primarily submitted claims that falsely and fraudulently represented that the various health care benefits were medically necessary, prescribed by a doctor, and had been provided by the Clinics to insurance beneficiaries of the health care benefit programs. *Id.* In reality, the evidence in the case shows that the patient beneficiaries billed by the Clinic did not receive the medical treatments billed to the insurance companies, and the medical treatments were not medically necessary or prescribed by a doctor. *See id.* at 3 - 4. Additionally, the patient beneficiaries never received the durable medical equipment billed to the insurance companies. *Id.* at 4.

As result of such false and fraudulent claims, the health care benefit program made payments, which were made by interstate wire transfers, to the corporate bank accounts of the Clinics in the approximate amount of $4,828,978.49 during the charged conspiracy period. *Id.*

The Defendant, who was the owner of Life Blue and Blue Life and was listed on the corporate records for these clinics, had signature authority on the corporate bank accounts. *Id.* Between June 2017 and May 2019, Life Blue billed BCBS for a total of $7,879,620.00, for which

it was reimbursed $2,181,684.24. *Id.* Between January 2019 and April 2020, Blue Life billed BCBS for a total of $7,646,763.00, for which it was reimbursed $1,962,207.92. *Id.*

Based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $4,143,892.16 in U.S. currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(7), the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned Assistant United States Attorney has conferred with Defense counsel, Nelson Rodriguez-Varela, Esq., via e-mail on January 3, 2022, and there is no objection to the relief sought herein.

Respectfully submitted,

**JUAN ANTONIO GONZALEZ**
**UNITED STATES ATTORNEY**

By:     *s/ Annika M. Miranda*
        Annika M. Miranda
        Assistant United States Attorney
        Florida Bar No. 64975
        99 N.E. 4th Street, 7th Floor
        Miami FL, 33132-2111
        Telephone: (305) 961-9303
        E-mail: Annika.Miranda@usdoj.gov
        *Counsel for the United States of America*

7