UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20376-CR-KMM

UNITED STATES OF AMERICA

vs.

JORGE GONZALEZ PEREZ,

   Defendant.
_____/

THE UNITED STATES OF AMERICA'S
MOTION TO SENTENCE DEFENDANT IN ABSENTIA

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves the Court to sentence Defendant Jorge Gonzalez Perez ("Defendant" or "Gonzalez") in absentia. As discussed more fully below, the Defendant has voluntarily waived his right to be present at his sentencing and should be sentenced in absentia.

BACKGROUND

On July 15, 2021, the Defendant was charged by indictment with one count of Conspiracy to Commit Wire Fraud and Health Care Fraud, in violation of Title 18, United States Code, Section 1349, and with eighteen counts of Health Care Fraud, in violation of Title 18, United States Code, Section 1347. *See* Indictment (DE 1). Eight of his co-conspirators were charged in the same indictment.[1] *See id.* The Defendant appeared in Court for the first time on July 21, 2021 and was released on bond. *See* Minute Entry (DE 11). Two months later, the Defendant pled guilty to Count 1 of the Indictment. *See* Minute Entry (DE 106). As part of his plea agreement, the

---

[1] A Superseding Indictment included an additional co-conspirator. *See* Superseding Indictment (DE 163).

Defendant agreed to cooperate with the United States. *See* Plea Agreement (DE 107). The Defendant was allowed to remain on bond following his change of plea.

In scheduling the Defendant's sentencing for January 4, 2022, the Court noted that all parties must appear in person for the sentencing hearing. *See* Order Adopting Report and Recommendation (DE 129). On November 29, 2021, the United States Probation Office ("USPO") submitted the draft presentence investigation report ("PSI") for this Defendant. *See* Draft PSI (DE 193). Sixteen days later, the Defendant filed Objections to the PSI. *See* Objections (DE 216). Therein, the Defendant made general factual objections to Paragraphs 22, 24, and 27 of the PSI, as well as legal objections to the three-level aggravating role enhancement and the sophisticated means enhancement included in the PSI. *See generally* Objections. The United States responded to the objections several days later. *See* Resp. to Objections (DE 220). Ultimately, the Final PSI noted that the factual objections were resolved, but that the two legal objections remained. *See* Final PSI (DE 229).

Meanwhile, two days after filing objections to the PSI, the Defendant asked the Court to continue his sentencing hearing so that he could be available to testify at the trial of his co-defendant, Orlando Leiva. *See* Motion to Continue Sentencing (DE 219). Because Leiva subsequently decided to plead guilty and not proceed to trial, the Court denied the motion to continue and reaffirmed that all parties must appear in person for the sentencing hearing on Tuesday, January 4, 2022. *See* Order Denying Mot. to Continue (DE 227).

On the day of the sentencing hearing, defense counsel appeared in court, but the Defendant did not. *See* Minute Entry (DE 232). Accordingly, the Court ordered the Defendant's 10 percent personal surety bond in the amount of $75,000.00 and personal surety bond in the amount of $150,000.00 forfeited pursuant to Federal Rule of Criminal Procedure 46(f). *See* Order Forfeiting

Bond (DE 234). At the sentencing hearing, defense counsel informed the Court that his client was aware of the sentencing date, but that he had not heard from his client in approximately a week-and-a-half to two weeks.[2] The Defendant's pre-trial services officer similarly has not heard from the Defendant.

Following the January 4, 2022 sentencing hearing at which the Defendant did not appear, agents from the Federal Bureau of Investigation interviewed the Defendant's son-in-law/co-defendant, Kiamy Perez ("Perez") and the Defendant's wife, Belky Crespo Perez ("Crespo"). Perez and Crespo stated that the Defendant has not been in contact with them, or anyone else to their knowledge, since December 15, 2021, the day after he met with his attorney to review the PSI. The Defendant's wife and son-in-law report that he was upset about his potential sentence of incarceration.

The Government continues to investigate the Defendant's possible location. Government databases do not show any recent air travel by the Defendant. However, the Government has obtained a document from a towing company indicating that the car driven by the Defendant was towed from a location in Defuniak Springs, Florida on December 18, 2021 at the request of the Florida Highway Patrol. Defuniak Springs is a small town in the Florida panhandle area, outside of the Southern District of Florida.[3] To date, the Defendant's whereabouts remain unknown. Accordingly, pursuant to the Court's January 5, 2022 paperless order, the United States hereby moves the Court to sentence Defendant in absentia with an incorporated memorandum of law.

---

[2] The undersigned, who was not present at the hearing, is relying upon representations made to her by persons who were there. The Government was unable to obtain a transcript of the hearing by the time of this filing.

[3] The Defendant did not have permission under the terms of his release to travel to the Northern District of Florida at any point.

3

## **DISCUSSION**

Federal Rule of Criminal Procedure 43 provides that a defendant who has pleaded guilty waives the right to be present in a noncapital case when he is voluntarily absent during sentencing. *See* Fed. R. Crim. P. 43(c)(1)(B). "According to the advisory committee notes, Rule 43 was amended in 1995 to 'make clear that a defendant…who has entered a plea of guilty…but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia.'" *United States v. Jordan*, 216 F.3d 1248, 1249 (11th Cir. 2000). "The advisory committee notes also say that '[t]he Committee envisions that defense counsel will continue to represent the interests of the defendant at sentencing.'" *Id*. "While there is only minimal case law examining what constitutes an involuntary absence from sentencing, courts have typically only found defendants involuntarily absent when the defendant is incapable of attending." *Fernandez v. United States*, No. 2:03-CR-113-FTM-29CM, 2018 WL 4222399, at *2 (M.D. Fla. Sept. 5, 2018) (citing cases).

*United States v. Jordan*, 216 F.3d 1248, remains the seminal case in the Eleventh Circuit on the issue facing the Court today: whether a defendant who has pled guilty can be sentenced in absentia. In *Jordan*, like in the present case, the defendant pleaded guilty, then failed to appear at the sentencing hearing. *See id*. In *Jordan*, like in the present case, "[t]he date for sentencing had been set and Defendant's attorney had been notified of the date before Defendant's flight." *Id*. The Eleventh Circuit noted that the district court, by sentencing the defendant pursuant to Rule 43, made an implicit factual finding that the Defendant was voluntarily absent from sentencing. *Id*. The Eleventh Circuit also addressed an additional (related) issue, holding that a defendant who has voluntarily absented himself from sentencing also waives his right to have ten days to review his PSI. *See id.* at 1250.

The facts in the present case are substantially similar to the facts in *Jordan*. The only distinguishing fact between *Jordan* and the instant case is that the *Jordan* defendant escaped from detention prior to his sentencing, while Gonzalez fled the district while on bond. This is a distinction without a difference. The Court has enough information to make a factual finding that the Defendant voluntarily absented himself from sentencing. The Defendant was aware of the sentencing date, which was set by the Court and then reaffirmed. He knew he needed to appear in person for his sentencing. He reviewed the PSI with his attorney, who filed Objections to the PSI. He was upset about his potential sentence. But then, a short time before his sentencing hearing, he left his home and stopped communicating with his wife, his son-in-law, his attorney, and his pre-trial services officer. His car was towed from a small town in the Florida panhandle on December 18, 2021. Ultimately, the Defendant did not appear at his sentencing hearing.

This Court has previously sentenced defendants in absentia, including in another case with a defendant who pled guilty, remained on bond, and then failed to show up for his sentencing hearing. *See United States v. Emeterio Santiago*, Case No. 10-10019-CR-Moore/Torres. In *Santiago*, the United States did not file a formal motion for the Court to sentence the defendant in absentia. Rather, at the sentencing hearing at which the defendant failed to appear, the Court ruled: "I think there's a record here sufficient to warrant the finding that the defendant has voluntarily absented himself from his sentencing hearing. And accordingly we should proceed forward with the sentencing in his absence." Tr. of Sentencing Hr'g (DE 53), *Santiago*, Case No. 10-10019-CR-Moore/Torres (S.D. Fla. Nov. 30, 2011).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court sentence Defendant Jorge Gonzalez Perez in absentia.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 88.9, the undersigned consulted with defense counsel Nelson Rodriguez-Varela, Esq., prior to the filing of this motion. Defense counsel stated that he opposes the motion.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Shannon Shaw*
Shannon Shaw
Assistant United States Attorney
Florida Bar No. 92806
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132-2111
Telephone: (305) 961-9374
E-mail: Shannon.Shaw@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on January 10, 2022.

/s/ *Shannon Shaw*
Shannon Shaw
Assistant United States Attorney